LINDSEY CARROLL, ADMINISTRATOR OF CHARLIE CARROLL, DECEASED, v. CLINCHFIELD PRODUCTS CORPORATION, AND FRED ROBINSON.

(Filed 8 December, 1926.)

**Removal of Causes—Federal Court—Diverse Citizenship—Misjoinder—Parties.**

Where a nonresident defendant and its resident foremen are liable for the negligent death of plaintiff's intestate, the former in failing to furnish reasonably safe instrumentalities and the latter in directing the

continuance of the employment thereunder, the liability is joint and not severable, and defendant's motion to remove the case to the Federal Court for misjoinder of parties, under the Federal Statutes, will be denied.

APPEAL from *Shaw, J.,* at Fall Term, 1926, of YANCEY. Affirmed.

*Charles Hutchins for plaintiff.*
*A. Hall Johnston for defendant.*

PER CURIAM. This is an action for actionable negligence brought by plaintiff against the defendants, for damages in excess of $3,000.

The Clinchfield Products Corporation is a corporation under the laws of Virginia. Defendant, Clinchfield Products Corporation, within the time allowed by law, after due notice and giving the required bond, filed a petition for removal of the action from the State court to the United States Court for the Western District of North Carolina, on the ground of diversity of citizenship and fraudulent joinder.

The facts, as alleged by the plaintiff, were that his intestate, Charlie Carroll, was employed by the defendant, a mining corporation, to work in a feldspar mine in Mitchell County, and at said mine the defendant had made a large excavation into the mountain, 100 feet or more, and in which employees worked in removing feldspar from the mine. The feldspar was loosened by means of blasts and feldspar, mineral formation, after blasts are left off, the banks and walls of the mine become loose, so that it is dangerous for employees to work in the mine pit. On account of blasts in the mine pit, the plaintiff, who had been working in the mine pit, was, as required, standing on the bank of the mine, until the walls of the mine could be scaled, so as to make the mine pit safe for employees. For the purpose of removing the feldspar and waste from the mines, the defendant has provided powerful steam-driven machinery, and uses a derrick, operated by foot and friction brakes, whereby the large containers carrying feldspar from the mines may be let down into the mine, and then carried out by the raising of the derrick. The derrick pole is a large tree, with necessary supports, and steel wire attachments, and when the machinery is in proper order, the machinery operates smoothly, and the pole is lowered gradually, and there is no danger whatever to employees. If the machinery is not in proper order—if the brake, or drum is clogged, or in imperfect working condition from any cause, the pole is liable by reason of the failure of the brakes to work, to suddenly drop, and to injure employees. In scaling the walls of the mine, the defendant negligently enhanced the danger, by attaching to the derrick pole a pine tree, projecting much

CARROLL *v.* PRODUCTS CORPORATION.

farther than the pole itself, and adding great weight thereto, and increasing the required resisting power or holding power of the brakes. It is alleged in the complaint that the defendant and its foreman, Robinson, codefendant, were both negligent, in that the brakes were not kept in order, in that they were left clogged, and that it was the duty of the defendant to keep the brakes in proper order, which it failed to do, and which its foreman, and codefendant likewise failed to do, and that their acts were joint and concurrent, and that such joint and concurrent negligence proximately produced the injury complained of; that the foreman was actually present, and was the responsible person to whom the defendant had delegated the duty of running the machinery, and seeing to it that the same was kept in order. While this foreman was actually at his work, and directly in charge of the machinery aforesaid, through failure of the machinery to work properly, as it would have worked if kept in proper repair, the derrick pole gave way, and fell by reason of the failure of the joint *tort-feasors* to do and perform their duty in keeping the machinery in proper repair, and working condition, and plaintiff's intestate was killed.

We think the action is governed by the opinion of the Supreme Court of the United States, by *Mr. Justice Sanford,* decided 24 May, 1926, in case of *Hay v. May Dept. Stores Co. and McCormick;* see *Moses v. Town of Morganton, ante,* 102; *Swain v. Cooperage Co.,* 189 N. C., p. 528; *Timber Co. v. Ins. Co.,* 190 N. C., at p. 803.

We do not think that the showing in the petition of Clinchfield Products Corporation sustains the contention that it was fraudulently joined for the purpose of preventing removal and comes within the principle laid down in *Johnson v. Lumber Co.,* 189 N. C., p. 81, and cases therein cited.

From the allegations in the complaint, Clinchfield Products Corporation and Fred Robinson are jointly liable, joint *tort-feasors.* This liability arising from concurrent acts of negligence on the part of the defendants, coöperating to cause the death of plaintiff's intestate. The complaint alleges a controversy that is not separable.

From the facts alleged in the petition for removal, we cannot hold that the Clinchfield Products Corporation was fraudulently joined with Fred Robinson for the purpose of preventing the removal. The judgment below is

Affirmed.